1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

BLANCA E. FRANCO,

11

Plaintiff,

12

v.

13

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

14

15

Defendant.

CASE NO. 11cv5715-RJB-JRC

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

NOTING DATE: August 3, 2012

16

17

   This matter has been referred to United States Magistrate Judge J. Richard

18

Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19

4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261,

20

271-72 (1976).  This matter has been fully briefed (see ECF Nos. 16, 23, 24).

21

   The ALJ failed to evaluate properly an opinion from plaintiff's treating physician,

22

Dr. Settle, regarding plaintiff's ability to walk. The ALJ erroneously found that opinions

23

from plaintiff's treating and examining doctors were not supported by or were

24

1   inconsistent with the objective medical evidence and failed to explain why her opinions

2   were more correct than those of plaintiff's doctors. Therefore, this matter should be

3   reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

4   Commissioner for further consideration.

5                                   BACKGROUND

6           Plaintiff, BLANCA F. FRANCO, was forty-two years old on her alleged date of

7   disability onset of December 13, 2003 (Tr. 147). She worked as a cook helper in a

8   restaurant for about three years (Tr. 41-42). Subsequently, plaintiff went to school to

9   become a certified nursing assistant ("CNA") and worked as a CNA in nursing homes for

10  approximately ten years (Tr. 38-49). Working as a CNA in a hospital into 2003 was

11  plaintiff's last job (Tr. 38). Plaintiff testified that she left her job at the hospital because

12  she suffered an injury (Tr. 39).

13

14          Plaintiff injured her back while working in December, 2002 (see Tr. 11, 39-41).

15  She testified that she was adjusting the bed while assisting a patient, and strained her

16  back holding the weight of the bed (Tr. 39-41). She testified that she went to the doctor

17  the next day, and was told not to go back to work (Tr. 41). Plaintiff did not return to work

18  at this time and plaintiff's employer indicated its inability to wait for her to recover and

19  replaced her (see Tr. 39). However, plaintiff subsequently had an unsuccessful work

20  attempt (see Tr. 11).

21          Plaintiff returned to work with the same employer as a health unit coordinator in

22  2007, however she testified that her boss decided that she was unable to complete the

23  tasks of the job due to her lack of concentration (Tr. 42). She worked at that job only for

24

a month (id.). Plaintiff had at least the severe impairments of obesity; depression; and L4-S1 degenerative disc disease with mild facet changes, mild foraminal narrowing and no compression (see Tr. 11).

## PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits in December, 2007 (Tr. 147). Her application was denied initially and following reconsideration (Tr. 90-92, 98-99). Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on September 16, 2009 (see Tr. 26-87). On February 22, 2010, the ALJ issued a written decision in which she found that plaintiff was not disabled as defined in the Social Security Act (Tr. 6-20). Because plaintiff's insured status expired on June 30, 2009, the relevant period of time is December 13, 2003 through June 30, 2009 (see Tr. 11).

On July 12, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-4). See 20 C.F.R. § 404.981. In September, 2011, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's February 22, 2010 written decision (see ECF Nos. 1, 3). On November 18, 2011, defendant filed the sealed administrative transcript ("Tr.") regarding this matter (see ECF Nos. 11, 12). In her Opening Brief, plaintiff questions whether or not the ALJ evaluated properly medical opinion evidence from treating physician Dr. Settle and evidence regarding plaintiff's residual functional capacity (see Opening Brief, ECF No. 16, p. 1).

1

## STANDARD OF REVIEW

2

 Plaintiff bears the burden of proving disability within the meaning of the Social

3

Security Act (hereinafter "the Act"). <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.

4

1999); <u>see also</u> <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines

5

disability as the "inability to engage in any substantial gainful activity" due to a physical

6

or mental impairment "which can be expected to result in death or which has lasted, or

7

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

8

§§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's

9

impairments are of such severity that plaintiff is unable to do previous work, and cannot,

10

considering the plaintiff's age, education, and work experience, engage in any other

11

substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

12

1382c(a)(3)(B); <u>see also</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

13

14

 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

15

denial of social security benefits if the ALJ's findings are based on legal error or not

16

supported by substantial evidence in the record as a whole. <u>Bayliss v. Barnhart</u>, 427 F.3d

17

1211, 1214 n.1 (9th Cir. 2005) (<i>citing</i> <u>Tidwell v. Apfel</u>, 161 F.3d 599, 601 (9th Cir.

18

1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

19

such "'relevant evidence as a reasonable mind might accept as adequate to support a

20

conclusion.'" <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989) (<i>quoting</i> <u>Davis v.</u>

21

<u>Heckler</u>, 868 F.2d 323, 325-26 (9th Cir. 1989)); <u>see also Richardson v. Perales</u>, 402 U.S.

22

389, 401 (1971). Regarding the question of whether or not substantial evidence supports

23

the findings by the ALJ, the Court should "'review the administrative record as a whole,

24

weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (1996) (per curiam) (*quoting* <u>Andrews</u>, <u>supra</u>, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" <u>See</u> <u>Bruce v. Astrue</u>, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* <u>Moore v. Comm'r of the Soc. Sec. Admin.</u>, 278 F.3d 920, 924 (9th Cir. 2002)); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." <u>Bray v. Comm'r of SSA</u>, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* <u>SEC v. Chenery Corp.</u>, 332 U.S. 194, 196 (1947) (other citation omitted)); <u>see also</u> <u>Molina v. Astrue</u>, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); <u>Stout v. Commissioner of Soc. Sec.</u>, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." <u>See</u> <u>Stout</u>, <u>supra</u>, 454 F.3d at 1054 (*citing* <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. <u>Molina</u>, <u>supra</u>, 2012 U.S.

App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; see also 28 U.S.C. § 2111; Shinsheki v.

Sanders, 556 U.S. 396, 407 (2009); Stout, supra, 454 F.3d at 1054-55.

DISCUSSION

1.  The ALJ failed to evaluate properly some of the medical evidence offered by

    treating physician, Dr. C. Stephen Settle, M.D. ("Dr. Settle").

"A treating physician's medical opinion as to the nature and severity of an

individual's impairment must be given controlling weight if that opinion is well-

supported and not inconsistent with the other substantial evidence in the case record."

Edlund v. Massanari, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at

*14 (9th Cir. 2001) (citing SSR 96-2p, 1996 SSR LEXIS 9); see also 20 C.F.R. § 416.902

(treating physician is one who provides treatment and has "ongoing treatment

relationship" with claimant). However, "[t]he ALJ may disregard the treating physician's

opinion whether or not that opinion is contradicted." Batson v. Commissioner of Social

Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (quoting Magallanes v.

Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, "[a] physician's opinion of

disability 'premised to a large extent upon [plaintiff]'s own accounts of h[er] symptoms

and limitations' may be disregarded where those complaints have been 'properly

discounted.'" Morgan, supra, 169 F.3d at 602 (quoting Fair v. Bowen, 885 F.2d 597, 605

(9th Cir. 1989) (citing Brawner v. Sec. HHS, 839 F.2d 432, 433-34 (9th Cir. 1988))).

The ALJ must provide "clear and convincing" reasons for rejecting the

uncontradicted opinion of either a treating or examining physician or psychologist.

1   Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (*citing* Baxter v. Sullivan, 923 F.2d

2   1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if

3   a treating or examining physician's opinion is contradicted, that opinion "can only be

4   rejected for specific and legitimate reasons that are supported by substantial evidence in

5   the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035,

6   1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and

7   thorough summary of the facts and conflicting clinical evidence, stating his interpretation

8   thereof, and making findings." Reddick, supra, 157 F.3d at 725 (*citing* Magallanes v.

9   Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

10       In addition, the ALJ must explain why her own interpretations, rather than those of

11   the doctors, are correct. Reddick, supra, 157 F.3d at 725 (*citing* Embrey v. Bowen, 849

12   F.2d 418, 421-22 (9th Cir. 1988)). However, the ALJ "need not discuss *all* evidence

13   presented." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.

14   1984) (per curiam).  The ALJ must only explain why "significant probative evidence has

15   been rejected." Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

16       In general, more weight is given to a treating medical source's opinion than to the

17   opinions of those who do not treat the claimant. Lester, supra, 81 F.3d at 830 (*citing*

18   Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)).  On the other hand, an ALJ need

19   not accept the opinion of a treating physician, if that opinion is brief, conclusory and

20   inadequately supported by clinical findings or by the record as a whole. Batson v.

21   Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004)

22   (*citing* Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)); see also Thomas v.

Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d).  A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. Lester, supra, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." Tonapetyan, supra, 242 F.3d at 1149 (*citing* Magallanes, supra, 881 F.2d at 752).  "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831); see also 20 C.F.R. § 404.1527(d)(2)(i) (when considering medical opinion evidence, the Commissioner will consider the length and extent of the treatment relationship). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing* Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996)); Andrews, supra, 53 F.3d at 1041).

Although the ALJ gave significant weight to one of Dr. Settle's opinions, she found that Dr. Settle's opinions on three occasions that plaintiff was severely limited in her ability to walk were not "consistent with the objective medical evidence" (see Tr. 17; see also Tr. 437, 464, 687). In support of the ALJ's finding, she listed a few objective findings and noted a lay statement to the effect that plaintiff did not use her cane all of the

time (see id.). The ALJ's finding regarding inconsistency with the objective medical

evidence is the only reason provided explicitly in support of the ALJ's failure to credit

the opinion of treating physician, Dr. Settle, regarding plaintiff's limitation on her ability

to walk (see id.).

In a case in which the Ninth Circuit found that an ALJ had failed to provide

specific and legitimate reasons supported by substantial evidence in the record for the

failure to credit fully the opinion of a treating physician, the written decision by that ALJ

had included the following discussion:

> The opinions of total disability tended [sic] in the record are unsupported
> by sufficient objective findings and contrary to the preponderant
> conclusions mandated by those objective findings. The duration of the
> claimant's stress treadmill testings and relative lack of positive findings,
> the results of other laboratory and x-ray testing, the objective
> observations of the physicians of record, all preponderate toward a
> finding that the claimant has never lost the residual functional capacity
> for light work for any period approaching 12 months.

Embrey v. Bowen, 849 F.2d 418, 421 (9th 1988). The Ninth Circuit Court found that

these statements by the ALJ in Embrey were not sufficient to discount the doctors'

opinions, even though the ALJ had reviewed the medical evidence Id. (citations omitted).

The court explained:

> To say that medical opinions are not supported by sufficient objective
> findings or are contrary to the preponderant conclusions mandated by the
> objective findings does not achieve the level of specificity our prior
> cases have required, even when the objective factors are listed seriatim.
> The ALJ must do more than offer his conclusions. He must set forth his
> own interpretations and explain why they, rather than the doctors', are
> correct. Moreover[,] the ALJ's analysis does not give proper weight to
> the subjective elements of the doctors' diagnoses. The subjective
> judgments of treating physicians are important, and properly play a part
> in their medical evaluations.

1  Id. at 421-22 (internal footnote omitted).

2

3      Here, based on a review of the record, it does not appear that the ALJ's written

4  decision achieves the level of specificity required. See id. Perhaps more importantly, as

5  discussed further below, a review of the record here reveals that Dr. Settle's opinion

6  regarding plaintiff's severe limitation on her ability to walk is consistent with much of the

7  objective medical evidence and the medical opinion evidence in the record, some of

8  which is not discussed in the written decision by the ALJ.

9      First, the Court notes that this opinion of Dr. Settle is consistent with the opinion

10 from examining physician, Dr. Marta Dzurilla, M.D. ("Dr. Dzurilla"), that in an eight

11 hour work day, plaintiff could walk zero hours (see Tr. 373). The ALJ failed to credit all

12 of the opinions of Dr. Dzurilla on the basis that her opinions were "not consistent with

13 the objective medical evidence" (see Tr. 16; see also Tr. 271-73). However, the ALJ fails

14 to provide any explanation as to why her own interpretation of the objective medical

15 evidence is more correct than those of plaintiff's examining doctor, Dr. Dzurilla.

16

17     The Court also notes that this opinion by Drs. Settle and Dzurilla also is supported

18 by the objective medical evidence of plaintiff's MRI results of degenerative disc disease

19 at L4-5 and L5-S1; Dr. Settle's assessment that plaintiff had decreased range of motion in

20 the lumbar spine (see Tr. 687); Dr. Dzurilla's observation of tenderness in the right

21 lumbar area and tense right paraspinal lumbar muscles (see Tr. 271); and the objective

22 observation by Dr. Carlos E. Moravek, M.D. ("Dr. Moravek") of plaintiff's reduced

23 range of motion in her back and tenderness at the bilateral SI joints, bilateral sciatic

24

1  notches, bilateral lumber paraspinal muscles and midline interspinous ligament region

2  (see Tr. 340).

3         The opinion by treating physician Dr. Settle regarding plaintiff's limitations on her

4  ability to walk also is consistent with the assessment by plaintiff's physical therapist, Mr.

5  Chris Ford, MPT, CSCS, ("physical therapist Ford") that plaintiff could walk 15-20

6  minutes in an eight hour work day and his objective observations regarding plaintiff's

7  tenderness to palpitation and muscle tension (see Tr. 401). This medical evidence is not

8  discussed by the ALJ in her written decision, although the ALJ cites the report from

9  physical therapist Ford in her written decision (see Tr. 12). The Court notes that because

10  this opinion by physical therapist Ford conflicts with the ALJ's RFC determination, it

11  should have been discussed explicitly in the written decision. See SSR 96-8p, 1996 SSR

12  LEXIS 5 at *20 (the ALJ "must always consider and address medical source opinions. If

13  the RFC assessment conflicts with an opinion from a medical source, the adjudicator

14  must explain why the opinion was not adopted").

15

16         Finally, the opinion by treating physician Dr. Settle not only is consistent with the

17  medical opinion evidence and objective medical evidence provided by Dr. Dzurilla and

18  physical therapist Ford, but also is consistent with the opinion by Ms. Cindy Brandt,

19  OTR/L ("Ms. Brandt") that plaintiff could not walk 2.5 hours in an eight-hour work day

20  (Tr. 297). It also is consistent with the objective observations by Ms. Brandt that plaintiff

21  "ambulated with an increased left leg stance and decreased right arm swing both aware

22  and unaware of observation" and that plaintiff's "left leg stance would noticeably

23  increase after [she] completed an activity she reported as painful" (see Tr. 300). This

24

medical evidence is not discussed by the ALJ in her written decision, although the ALJ

cited one aspect of Ms. Brandt's opinion (Tr. 16). Again, the Court notes that as this

opinion by Ms. Brandt conflicts with the ALJ's RFC determination, it should have been

rejected explicitly in the written decision. See SSR 96-8p, 1996 SSR LEXIS 5 at *20.

For the reasons stated and based on the relevant record, the Court concludes that

the ALJ's finding that the opinion from treating doctor, Dr. Settle, that plaintiff suffered

from severe limitations on her ability to walk is not consistent with the objective medical

evidence, is not a finding based on substantial evidence in the record as a whole and is

not a specific and legitimate reason for her failure to credit fully this opinion.

The opinion of a treating doctor requires special consideration and a "treating

physician's medical opinion as to the nature and severity of an individual's impairment

must be given controlling weight if that opinion is well-supported and not inconsistent

with the other substantial evidence in the case record." Edlund, supra, 2001 Cal. Daily

Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (*citing* SSR 96-2p, 1996 SSR

LEXIS 9); see also Lester, supra, 81 F.3d at 830. Therefore, because the ALJ failed to

evaluate properly the opinion of plaintiff's treating physician regarding her limitation on

her ability to walk, this matter must be reversed and remanded for further administrative

proceedings.

    2.  The ALJ failed to determine properly plaintiff's residual functional capacity

          ("RFC").

If the ALJ cannot determine whether or not a claimant is disabled based on a

claimant's current work activity or on medical factors alone and a claimant has a severe

impairment, a review is made of the claimant's residual functional capacity ("RFC"). <u>See</u> Social Security Ruling "SSR" 96-8p, 1996 SSR LEXIS 5 at *3-*4. A determination regarding "residual functional capacity 'is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.'" <u>Brown v. Astrue</u>, 405 Fed. Appx. 230, 233, 2010 U.S. App. LEXIS 26760 at **6 (9th Cir. 2010) (per curiam) (unpublished opinion) (<i>quoting</i> <u>id.</u>) (<i>citing</i> 20 C.F.R. § 416.945; <u>Reddick v. Chater</u>, 157 F.3d 715, 724 (9th Cir. 1998)). Residual functional capacity is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).

In evaluating whether or not a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." <u>See</u> 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b). According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20.

a. <u>Plaintiff's limitations on her ability to walk during an eight-hour work day.</u>

1     When making the determination regarding plaintiff's residual functional capacity

2 ("RFC"), the ALJ found that plaintiff was capable of walking six hours in an eight-hour

3 work day with normal breaks (see Tr. 14). However, this finding is not consistent with

4 the opinion of treating physician Dr. Settle that plaintiff was severely limited in her

5 ability to walk (Tr. 437, 464, 687); is not consistent with the opinion of examining

6 physician Dr. Dzurilla that in an eight hour work day, plaintiff could walk zero hours (see

7 Tr. 373); is not consistent with the finding by physical therapist Ford that plaintiff could

8 walk only 15-20 minutes in an eight hour work day (see Tr. 401); and is not consistent

9 with the opinion from Ms. Brandt that plaintiff could not walk two and a half hours in an

10 eight-hour work day (Tr. 297). The ALJ provided no reason for her rejection of the

11 relevant opinions from Ms. Brandt or physical therapist Ford, and the only reason

12 provided to support the rejection of relevant opinions from Drs. Settle and Dzurilla was

13 inconsistency with the objective medical evidence, a finding which this Court has

14 concluded is not based on substantial evidence in the record as a whole, see supra, section

15 1.

16

17     Although the finding by the ALJ regarding plaintiff's ability to walk is supported

18 by the opinion of non-examining, state agency consultants, for the reasons discussed and

19 based on the relevant record, the Court concludes that the ALJ's finding in plaintiff's

20 RFC regarding walking six hours in an eight-hour work day is not based on substantial

21 evidence in the record as a whole.

22

23     Based on a review of the relevant record, as discussed further below, the Court

24 concludes that the ALJ committed additional errors in her RFC analysis, such as her

findings regarding plaintiff's postural limitations (see, e.g., Tr. 14 (ALJ's RFC includes no restriction on stooping or climbing), Tr. 17-18 (ALJ relies on opinions from state agency consultants who opined that plaintiff only "could occasionally climb, balance [or] stoop"), Tr. 297 (Ms. Brandt opines that plaintiff only could occasionally stoop or climb); see also Tr. 273 (Dr. Dzurilla opines that plaintiff can kneel, crawl and climb "not at all")). See SSR 96-8p, 1996 SSR LEXIS 5 at *20 (a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted").

However, due to the numerous errors by the ALJ discussed herein; the similarity of the errors; and because the Court already has concluded that this matter should be reversed and remanded for further consideration of the medical evidence and plaintiff's RFC, see supra, sections 1, 2.a, the Court will limit the remaining discussion in this section regarding plaintiff's RFC to the plaintiff's limitations on her functional abilities to sit and stand in an eight-hour work day.

      b.  Plaintiff's limitations regarding her ability to sit during an eight-hour work day

Plaintiff contends that the ALJ erred by failing to consider adequately the opinion from physical therapist Ford and by failing to include the limitations opined by physical therapist Ford into her determination regarding plaintiff's RFC and hence into the subsequent hypothetical provided to the VE (see Opening Brief, ECF No. 16, p. 9).

The ALJ found that plaintiff "could sit for two hours at a time after which she must stand for a few minutes at her work station" (Tr. 14). This finding by the ALJ

1   conflicts with opinions from a number of medical sources, including those from physical

2   therapist Ford, Dr. Dzurilla and Dr. Moravek.

3       Dr. Moravek opined that plaintiff needed to have "breaks from sitting – every 30

4   minutes" (Tr. 400; see also Tr. 341, 398). The ALJ gave 2 reasons for her failure to credit

5   fully Dr. Moravek's opinions, including that Dr. Moravek's opinion appeared "to be

6   based upon the claimant's subjective report" (Tr. 16-17). However, the ALJ failed to cite

7   the record for her finding that Dr. Moravek based his finding on plaintiff's self-report and

8   the ALJ failed elsewhere in her decision to include any evidence regarding this finding.

9   That Dr. Moravek based his opinion on plaintiff's subjective report is not an inference

10  that logically flows from a review of relevant record (see, e.g., Tr. 340-41). See Sample,

11  supra, 694 F.2d at 642 (citing Beane v. Richardson, 457 F.2d 758 (9th Cir. 1972); Wade

12  v. Harris, 509 F. Supp. 19, 20 (N.D. Cal. 1980)) (an ALJ may "draw inferences logically

13  flowing from the evidence"). Therefore, based on the relevant record, the Court

14  concludes that this finding is not based on substantial evidence in the record as a whole.

15      Second, the ALJ found that the "objective medical evidence" did not support this

16  limitation opined by Dr. Moravek (see Tr. 16-17). However, the opinion by Dr. Moravek

17  is supported by the objective medical evidence noted before of plaintiff's MRI results of

18  degenerative disc disease at L4-5 and L5-S1; Dr. Settle's assessment that plaintiff had

19  decreased range of motion in the lumbar spine (see Tr. 687); Dr. Dzurilla's observation of

20  tenderness in the right lumbar area and tense right paraspinal lumbar muscles (see Tr.

21  271); and the objective observation by Dr. Moravek of plaintiff's reduced range of

22  motion in her back and tenderness at the bilateral SI joints, bilateral sciatic notches,

bilateral lumber paraspinal muscles and midline interspinous ligament region (see Tr. 340).

In addition, this opinion by Dr. Moravek regarding limitations on sitting is consistent with, in fact it is identical to, the opinion by examining doctor, Dr. Dzurilla, who, as noted by the ALJ, opined that plaintiff's limitations "included only sitting for a half hour at time" (see Tr. 16 (*citing* Tr. 272); see also Tr. 273). Again, the ALJ indicated in a conclusory fashion that Dr. Dzurilla's opinion on this matter is "not consistent with the objective medical evidence" (Tr. 16). And again, the ALJ failed to explain adequately why her opinion was more correct that the opinions of Drs. Moravek and Dzurilla.

The Court also notes that this identical opinion by Drs. Moravek and Dzurilla regarding sitting for a half hour is consistent with the opinion by physical therapist Ford that plaintiff could sit for greater than 45 minutes (see Tr. 401), relative to the ALJ's RFC finding that plaintiff could sit for two hours (see Tr. 14). The ALJ failed to discuss this particular opinion by physical therapist Ford. This was legal error as an ALJ must explain why she rejects any evidence from a medical source that conflicts with her finding regarding a claimant's RFC. See SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although physical therapist Ford is not an "acceptable" medical source whose opinion can evidence an impairment, he is an "other" medical source, and hence still provided a medical source opinion. See 20 C.F.R. § 404.1513 (a), (d)(1); see also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 SSR LEXIS 5, 2006 WL 2329939.

For the reasons stated and based on the relevant record, the Court concludes that the ALJ erred in her RFC analysis regarding plaintiff's ability to sit. The ALJ erroneously and in a conclusory fashion found that the doctors' opinions were not supported by or were inconsistent with the objective medical evidence, and the ALJ failed to explain why her opinions were more correct than those of plaintiff's doctors.

c.   Plaintiff's limitations on her ability to stand during an eight-hour work day.

The ALJ found that plaintiff could stand for six hours in an eight-hour work day (see Tr. 14). This finding by the ALJ conflicts with opinions from a number of medical sources, including those from physical therapist Ford, Dr. Dzurilla and Ms. Brandt.

Although Dr. Dzurilla opined that plaintiff could stand for only a half hour in an eight hour work day (see Tr. 273), the ALJ found that this opinion was not consistent with the objective medical evidence (see Tr. 16). The Court already has discussed the error of a similar conclusory finding by the ALJ relative to other opinions by plaintiff's treating and examining doctors regarding plaintiff's RFC, see supra, sections 1, 2.a, 2.b.

Similarly, the Court already has discussed the ALJ's error in failing to discuss opinions from physical therapist Ford and Ms. Brandt regarding plaintiff's other limitations on her ability to work, see supra, section 1. The ALJ's failure to explain why she rejected the opinion from physical therapist Ford that plaintiff could stand more than 30 minutes and Ms. Brandt's opinion that plaintiff could stand for less than 2.5 hours likewise was erroneous. See SSR 96-8p, 1996 SSR LEXIS 5 at *20.

For the reasons discussed and based on the relevant record, the Court concludes that the ALJ erred with respect to her findings regarding plaintiff's ability to stand and

plaintiff's RFC. These are not harmless errors, as the ALJ relied on the RFC to present a

hypothetical to the vocational expert ("VE"), whose responses in interrogatories, were

relied on by the ALJ when making her ultimate determination regarding plaintiff's non-

disabled status (see Tr. 14, 19-20, 752-55). The interrogatory sent to the VE contained the

RFC from the ALJ's written decision and the ALJ's written decision does not explicitly

discuss any other information from the VE other than the VE's responses to the ALJ's

interrogatories. See Bray, supra, 554 F.3d at 1226-27 (the courts review "the ALJ's

decision based on the reasoning and actual findings offered by the ALJ") (*citing* SEC v.

Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Molina,

supra, 2012 U.S. App. LEXIS 6570 at *42; Stout, supra, 454 F.3d at 1054.

Because the ALJ's RFC was based on legal error, the resultant hypothetical to the

VE, based on the ALJ's determination regarding plaintiff's RFC, likewise was not

proper. For this reason, the reasons stated and based on the relevant record, the Court

concludes that the ALJ's step five finding regarding plaintiff's ability to perform jobs

existing in the national economy must be evaluated anew. Due to the errors discussed and

based on the relevant record, the Court concludes that the entire five-step evaluation

process should be evaluated anew.

3.  Plaintiff's credibility should be assessed anew following remand of this matter.

Plaintiff failed to raise more than a dependent challenge to the ALJ's finding

regarding plaintiff's credibility (see Opening Brief, ECF No. 16, pp. 5, 15). Therefore,

plaintiff arguably has waived such challenge. Cf. Thompson v. Commissioner, 631 F.3d

642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) (*citing* <u>U.S. v. Puchi</u>, 441

F.2d 697, 703 (9th Cir. 1971), *cert. denied*, 404 U.S. 853 (1971)).

However, this Court has an independent burden to determine whether or not "the

Commissioner's decision is: (1) free of legal error and (2) is supported by substantial

evidence.'" <u>See</u> <u>Bruce</u>, <u>supra</u>, 557 F.3d at 1115 (*citing* <u>Moore, supra,</u> 278 F.3d at 924);

<u>Smolen</u>, <u>supra</u>, 80 F.3d at 1279; <u>see also</u> <u>U.S. v. Levy</u>, 391 F.3d 1327, 1335 (11th Cir.

2004)) ("the issue is not whether this Court has the power to consider issues not raised in

the initial brief; of course it does").

In addition, a determination of plaintiff's credibility relies on the assessment of the

medical evidence, <u>see</u> 20 C.F.R. § 404.1529(c), and the Court already has determined that

the ALJ failed to evaluate properly the medical evidence, <u>see</u> <u>supra</u>, sections 1 and 2. For

these reasons, plaintiff's testimony and credibility should be evaluated anew following

remand of this matter.

<u>CONCLUSION</u>

The ALJ failed to evaluate properly some of the medical evidence supplied by

plaintiff's treating physician, Dr. Settle. The ALJ also committed numerous errors in her

RFC determination, including relying on conclusory findings without substantial

evidence in the record to support such findings and rejecting without explanation medical

source evidence regarding plaintiff's limitation on her ability to work.

Based on these reasons and the relevant record, the undersigned recommends that

this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) to the Commissioner for further consideration.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 3, 2012, as noted in the caption.

Dated this 12th day of July, 2012.


J. Richard Creatura
United States Magistrate Judge